UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT LEWIS,

                Plaintiff,

-against-

THE CITY OF NEW YORK,

                Defendant.

23-CV-5822 (LTS)

ORDER DIRECTING ORIGINAL SIGNATURE

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff brings this action *pro se*. Plaintiff submitted the complaint without a signature. Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." *See also* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

    Plaintiff is directed to resubmit the signature page of the complaint with an original signature to the Court within thirty days of the date of this order. A copy of the signature page is attached to this order.

    No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

    The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:    July 12, 2023
          New York, New York

                                             /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                          Chief United States District Judge

procedures to ensure the façade could be restored efficiently; demolishing the front façade of Property B without providing engineering reports or due process; proposing to demolish Property B without providing engineering reports or due process; using pretexts to impose excess fines on Lewis, using pretexts to impose unreasonable and unjustified expenses on Lewis, all with the ultimate goal of taking Property B without just compensation or due process.

55. Wherefore the premises considered, Robert Lewis demands the sum of $1,000,000 from the City of New York to restore the façade and cover the damages arising from constitutional violations by HPD and DOB to date.

Dated: New York, New York
       July 3, 2023

_____
**Robert Lewis, Pro Se**

51429442v1
73437.0001